IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TIMOTHY LEWIS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. **03-635 - WDS** |
| | ) |
| **PAM GRUBMAN ,** | ) |
| **DR. DOUGHTY,** | ) |
| **and WILLIAM REES,** | ) |
| | ) |
| Defendants. | ) |

## ORDER

**PROUD, Magistrate Judge:**

Before the court is plaintiff's Motion to Appoint Private Process Server. **(Doc. 53)**.

This is an action pursuant to 42 U.S.C. §1983. Plaintiff is an inmate in the Illinois Department of Corrections, and has been granted leave to proceed in forma pauperis. **See, Doc. 4.**

Fed.R.Civ.P. 4(c)(2) provides that the U.S. Marshal shall be appointed to serve process where, as here, the plaintiff has been granted leave to proceed in forma pauperis under 28 U.S.C. §1915. Pursuant to Rule 4, the court directed the Marshal to serve process on defendants. The court also directed that, if a defendant failed to return a signed waiver of service, the Marshal shall "Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c)." **See, Doc. 18**.

This Motion concerns service on Dr. Stephen Doughty. As Doughty did not return the signed waiver, the Marshal attempted to personally serve him. However, this attempt consisted of leaving the summons with the receptionist at Doughty's office. **See, return of service, Doc.**

**49**.  This does not constitute good service.

Pursuant to Rule 4(e), a defendant must be served by following the state procedure or by "delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process."  Illinois state procedure is substantially similar to the procedure set forth in Rule 4(e).  See, 735 ILCS 5/2-203.

Both federal and Illinois procedure allow for leaving the summons with a another person at the defendant's home.  However, neither procedure allows for leaving the summons with a person at defendant's place of employment unless that person has been authorized to receive service on defendant's behalf.  There is no indication here that the receptionist at Doughty's office has been so authorized.

Because plaintiff is proceeding in forma pauperis, service of process is to be accomplished by the U.S. Marshal.  See, 28 U.S.C. 1915(d); Fed.R.Civ. P. 4(c).  The appointment of a private process server should not be required.

Upon consideration and for good cause shown, plaintiff's Motion to Appoint Private Process Server **(Doc. 53)** is **DENIED**.

**The U.S. Marshal is ordered to personally serve defendant Stephen Doughty with process, and to promptly file a return.**

The clerk of court is directed to furnish a copy of this order to the U.S. Marshal.

**IT IS SO ORDERED.**

**DATED: January 9, 2007.**

                                            **s/ Clifford J. Proud**
                                            **CLIFFORD J. PROUD**
                                            **U. S. MAGISTRATE JUDGE**