IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TIMOTHY LEWIS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. **03-635 - WDS** |
| ) | |
| **PAM GRUBMAN ,** ) | |
| **DR. DOUGHTY,** ) | |
| **and WILLIAM REES,** ) | |
| ) | |
| Defendants. ) | |

### REPORT and RECOMMENDATION

This Report and Recommendation is respectfully submitted to District Judge William D. Stiehl pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Before the court is Defendants' Motion for Summary Judgment, filed by defendants Pam Grubman and William Rees. **(Doc. 74)**. Defendants filed a Memorandum in Support. **(Doc. 75)**. Plaintiff, who is represented by counsel, filed a response at **Doc. 78.**

### Nature of Plaintiff's Claims

Plaintiff Timothy Lewis is an inmate in the custody of the Illinois Department of Corrections. He filed suit under 42 U.S.C. §1983, alleging that his Eighth Amendment rights were violated by defendants' deliberate indifference to his serious medical needs while he was assigned to Menard Correctional Center.

Plaintiff filed his original complaint pro se. He alleged that he began suffering headaches in late September, 2002. On one occasion, he passed out and lost vision in his right eye. He was treated by medical staff at Menard, and at Chester Memorial Hospital. He does not complain about any of that treatment. His claim arises out of the events of October 21, 2002, when he was sent to an outside eye specialist in Belleville, Illinois, Dr. Fleming. Dr. Fleming examined him

1

and ordered that he be transferred to St. Louis University Hospital in St. Louis, Missouri, because he detected hemorrhaging behind plaintiff's eye.  Plaintiff claims that defendants were deliberately indifferent to his serious medical needs in that they delayed his transfer for over five hours.  During that time, he experienced dizziness and sporadic loss of consciousness.  Plaintiff was transferred to SLU Hospital later that day, and was operated on the next day for a brain aneurysm.  The court dismissed all claims on preliminary review.  **(Doc. 5)**.

Plaintiff appealed, and the Seventh Circuit reversed and remanded as to defendants Grubman, Rees, and Doughty only.  In its nonprecedential disposition, the Seventh Circuit held that, as to these three defendants, "the complaint adequately states a claim for deliberate indifference in connection with Lewis's delayed transfer to the hospital.  It remains to be seen whether these defendants understood the urgency of the situation and what accounted for their delay in authorizing the transfer."  *Lewis v. Kumar*, **146 Fed.Appx. 55, 57 (7th Cir. 2005).**

Following remand, Lewis filed a pro se amended complaint, **Doc. 27**, which is now the operative complaint.  The Amended Complaint did not change the allegations as to Grubman, Rees, and Doughty.  **See, Doc. 27, p. 2**.  Counsel entered for plaintiff a few months later.  **See, Docs. 34 & 36.**

## Grounds for Summary Judgment

Defendants Pam Grubman and William Rees assert qualified immunity.  They argue that their actions did not violate plaintiff's constitutional rights because he was under a doctor's care, and as non-medical prison officials, they were entitled to rely on the doctor to make the appropriate medical decisions.

## Standard for Summary Judgment

Summary judgment is appropriate under **Fed.R.Civ.P. 56** where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

2

any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **Fed.R.Civ.P. 56©); see** *Celotex Corp. v. Catrett*, **477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).** The evidence is construed in the light most favorable to the non-moving party and all justifiable inferences are drawn in favor of that party. **See,** *Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 255, 106 S.Ct. 2505, 2513-14 (1986).** Once the moving party has produced evidence to show that he or she is entitled to summary judgment, the non-moving party must affirmatively demonstrate that a genuine issue of material fact remains for trial. *Johnson v. City of Fort Wayne*, **91 F.3d 922, 931 (7th Cir. 1996).**

In responding to a summary judgment motion, the non-moving party may not simply reiterate the allegations contained in the pleadings; more substantial evidence must be presented at this stage. Moreover, a genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties," *Anderson*, **477 U.S. at 247**, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, **475 U.S. 574, 586 (1986).** Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson*, **477 U.S. at 252, 106 S.Ct. at 2512.**

Summary judgment is not barred by the mere existence of some factual dispute. *Anderson*, **477 U.S. at 248; see also,** *JPM Inc. v. John Deere Industrial Equipment Company*, **94 F.3d 270, 273 (7th Cir. 1996).** Only disputes as to facts that might affect the outcome of the suit in light of the substantive law are sufficient to defeat summary judgment. Disputes as to irrelevant or unnecessary facts do not preclude summary judgment. *Clifton v. Schafer*, **969 F.2d 278, 281 (7th Cir. 1992).**

## Analysis

In order to prevail on his constitutional claim, plaintiff must satisfy the two-part test

enunciated in *Farmer v. Brennan*, **511 U.S. 825, 834, 114 S.Ct. 1970 (1994)**. The test has an objective and a subjective component. That is, plaintiff must show (1) his condition was objectively serious, and (2) the defendant acted with deliberate indifference, which is a subjective standard. *Reed v. McBride*, **178 F. 3d 849, 852 (7th Cir. 1999).** Liability under 42 U.S.C. §1983 is personal; there is no liability unless the defendant "caused or participated" in the deprivation of a constitutional right. *Vance v. Peters*, **97 F.3d 987, 991 (7th Cir. 1996)**. Thus, the two-prong *Farmer* test must be satisfied as to each defendant.

The motion is supported by six pages from the deposition of Pam Grubman, and 17 pages of medical records from SLU Hospital. The Grubman deposition, **Exhibit A**, contains a discussion of the usual prison procedures which are supposed to be followed when an inmate needs to be transferred to an outside facility for care. There is no discussion at all of what actually happened in this case. The medical records, **Exhibit B**, establish that plaintiff was admitted to SLU on October 21, 2002, at 4:23 p.m. **Ex. B, p. 5**. The admitting diagnosis was subarachnoid hemorrhage. **Ex. B, p.1**. An angiogram was performed the next day, and an aneurysm was detected. Surgery was performed to correct the aneurysm. Plaintiff was discharged on October 25, 2002. Neither exhibit mentions defendant Rees at all.

Defendants' first argument is that, "as prison administrators, [they] had the right to rely upon the opinions of medical professionals who were providing Plaintiff with medical care and did not have the authority to order the transfer of the Plaintiff without an order from a treating physician." **Doc. 75, p. 4**. Thus, they seek to bring themselves within the rule of *Johnson v. Doughty*, **433 F.3d 1001, 1010-1011 (7th Cir. 2006)**, wherein the Seventh Circuit held that prison officials who are not health care professionals do not violate the constitution when they reasonably defer to or reasonably rely on the opinions of medical professionals as to treatment decisions**.** The flaw in defendants' argument is that they have not established the facts

necessary to find that *Johnson* is applicable.

"The initial burden is on the moving party to identify those portions of the record that demonstrate the absence of a genuine issue of material fact." *Johnson v. City of Fort Wayne, Indiana*, 91 F.3d 922, 931 (7th Cir. 1996). Defendants have failed to carry that burden here. Defendants have presented no facts responsive to the issues identified by the Seventh Circuit in its order remanding the case, i.e., "whether these defendants understood the urgency of the situation and what accounted for their delay in authorizing the transfer." *Lewis v. Kumar*, 146 Fed.Appx. 55, 57 (7th Cir. 2005). The exhibits do nothing at all to establish what role either defendant played in authorizing the transfer. The record is devoid of any explanation of why there was a delay of over five hours in transferring plaintiff from the doctor's office to the hospital.

In their memorandum, defendants argue that they "did not have the authority to order the transfer of the Plaintiff without an order from a treating physician." **Doc. 75, p.4**. That point is unclear, at best. All parties agree that Dr. Fleming determined that plaintiff needed a level of care that could not be provided in his office, and ordered that plaintiff be transferred from his office to SLU Hospital. Perhaps defendants mean that they needed an order from a *prison* doctor, but that fact has not been established by their exhibits. Defendants have simply not established facts which show that they are entitled to judgment.

Defendants' second argument is that the delay in transferring plaintiff to the hospital caused him no harm because no surgical procedures were done until the morning after admission. Defendants admit that plaintiff was examined and monitored immediately following his admission to the hospital. **Doc. 75, p.4.** Again, defendants have not developed the relevant facts. It would constitute rank speculation to say on the record now before the court that there was no harm caused by the delay in transfer.

### Recommendation

For the foregoing reasons, this court recommends that Defendants' Motion for Summary Judgment **(Doc. 74)** be **DENIED**.

Objections to this Report and Recommendation must be filed on or before **November 13, 2007.**

**Submitted: October 24, 2007.**

                                        **s/ Clifford J. Proud**
                                        **CLIFFORD J. PROUD**
                                        **UNITED STATES MAGISTRATE JUDGE**