IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**TIMOTHY LEWIS,**           )
                              )
      Plaintiff,           )
                              )
v.                            )    Civil No. **03-635 - CJP**
                              )
**PAM GRUBMAN ,**             )
**and WILLIAM REES,**         )
                              )
      Defendants.          )

# ORDER

**PROUD, Magistrate Judge:**

Before the court is Plaintiff's Motion in Limine to Exclude Any Reference to or Evidence of Plaintiff's Criminal Records **(Doc. 113)**.

Plaintiff defines "criminal records" quite broadly for purposes of this motion. The phrase includes not only the details of crimes with which he has been charged, tried and/or convicted, but also the fact of his current incarceration.

Obviously, plaintiff has been convicted of at least one felony, as he is an inmate in the IDOC. Equally obviously, in the circumstances of this case, it will not be possible to exclude from evidence that fact that plaintiff was an IDOC inmate at the time of the events giving rise to this lawsuit, and the fact that he is currently an IDOC inmate.

The court agrees that evidence of the details of plaintiff's crime or crimes is not admissible. However, the fact of plaintiff's criminal conviction is admissible pursuant to Fed.R. Evidence 609(a). The court finds Rule 403 does not mandate that the evidence be excluded. The court intends to give an appropriate jury instruction to dispel any undue prejudice to plaintiff.

1

See, Rule 403, Advisory Committee Comment.

Upon consideration and for good cause shown, Plaintiff's Motion in Limine to Exclude Any Reference to or Evidence of Plaintiff's Criminal Records **(Doc. 113)** is **GRANTED in part** and **DENIED in part** as set forth above..

**IT IS SO ORDERED.**

**DATE: February 9, 2009.**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**
